IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVENTURE GLOBAL TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § | Civil Action No. H-19-2397 |
| v. | § § | |
| WEATHERFORD U.S., L.P., | § | |
| Defendant. | § | Jury Trial Demanded |

## WEATHERFORD U.S., L.P.'S, ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT

Weatherford U.S., L.P. ("Weatherford" or "Defendant") files this Answer and Counterclaims to Plaintiff Enventure Global Technology, Inc.'s ("Enventure" or "Plaintiff") Complaint. All of Enventure's allegations not expressly admitted in this pleading are denied.

## ANSWER AND AFFIRMATIVE DEFENSES

### Jurisdiction and Venue

1.      The Court has subject matter jurisdiction over Plaintiff's patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a) and (b) because this is a civil action involving federal questions related to claims for patent infringement under 35 U.S.C. § 271 (the "Patent Act").

**Answer:** Weatherford admits that this Court has subject matter jurisdiction over patent infringement claims arising under the U.S. Patent Laws.

2.      This Court has personal jurisdiction over Defendant Weatherford U.S., L.P. Plaintiff is informed and believes, and on that basis alleges, that Defendant Weatherford U.S., L.P. is conducting business in this State, including in this District. Defendant Weatherford U.S., L.P.'s acts of patent infringement are occurring in this State, including in this District, and Defendant Weatherford U.S., L.P. should anticipate being haled into court in this State.

1

**Answer:** Weatherford does not contest personal jurisdiction in the Southern District of Texas for the purposes of Enventure's patent infringement claims. Weatherford denies all remaining allegations in this paragraph.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**Answer:** Weatherford does not contest venue in the Houston division of the Southern District of Texas for the purposes of this case. Weatherford denies any remaining allegations in this paragraph.

## The Parties

4. Plaintiff Enventure is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 15995 N. Barkers Landing Road, Suite 350, Houston, TX 77079.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

5. Upon information and belief, Defendant Weatherford U.S., L.P. is a Limited Partnership organized and existing under the laws of the State of Louisiana, and having its principal place of business at 2000 St. James Place, Houston, TX 77056. Defendant Weatherford U.S., L.P. may be served with process by serving its registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

**Answer:** Admitted.

## Nature of the Case

6. Enventure is the world's leading provider of innovative technology used in the energy industry to expand pipe through various apparatus and methods often referred to as "solid

expandables solutions" or "solid expandables technology", also known as "SET". Since 1998, Enventure's technology has been used to solve drilling, completion, and production issues that threaten an oil or gas well's potential value and the well operator's return on investment. Enventure's proprietary technology enables oil and gas exploration and production companies to extract the most value from their wells at each stage of a well's lifecycle.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

7.      Upon information and belief, Defendant Weatherford directly competes with Enventure in the solid expandables technology market.

**Answer:** Weatherford admits it provides solid expandable products and services. Otherwise, denied.

8.      Enventure has invested substantial time, effort, skill, expense, and resources in designing and engineering its SET products and services. To protect its substantial investment, Enventure's predecessor entity applied for and obtained a series of patents covering its expandables technology from the United States Patent Office. Enventure is the sole owner of the expandables technology patents resulting from the applications, that are now asserted in this Complaint in Counts I through XI below (the "Asserted Patents").

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

9.      Importantly, former Enventure Vice President and Chief Technology Officer Dr. Lev Ring was named as an inventor or co-inventor in many of the SET patent applications that issued as the Asserted Patents, and he is listed as an inventor or co-inventor in all but one of the

Asserted Patents. Dr. Ring left Enventure in 2002 to join Weatherford's solid expandables team, where he worked for more than a decade as Weatherford's Director of Technology.

**Answer:** Weatherford admits Dr. Lev Ring was an employee at Weatherford. Otherwise, denied.

10.     Prior to leaving Enventure, Dr. Ring executed Enventure's Intellectual Property Agreement, acknowledging that he did not own or claim any rights in the SET technology that Enventure owned. Dr. Ring further acknowledged that he would not "use for himself/herself or others, or divulge to others, any secret or confidential information, knowledge, or data of the Company, obtained as a result of his/her employment." Dr. Ring further acknowledged that "all memorandum, notes, records, drawings, or other documents made or compiled by him/her, or made available to him/her . . . shall be delivered to the Company on the termination of his/her employment."

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

11.     Upon information and belief, when Dr. Ring was employed by Weatherford, he was instrumental in Weatherford's exploitation of Enventure's Infringed Technology (defined below). Further, upon information and belief, Dr. Ring was involved in negotiating a technology agreement between Weatherford and Mohawk Energy Ltd. ("Mohawk") through which Weatherford obtained Enventure's SET technology. Upon information and belief, Dr. Ring and Weatherford knew that the SET technology at issue was developed and owned by Dr. Ring's previous employer, Enventure.

**Answer:** Denied.

## Mohawk Patent Infringement Lawsuit

12.     Enventure has previously asserted the Asserted Patents in this District against Mohawk. *See* Enventure Global Tech., Inc. v. Mohawk Energy, Ltd., et al., Case No. 4:15-cv-01053 (the "Mohawk Lawsuit").

**Answer:** Weatherford admits that a lawsuit was filed in Federal Court in the Southern District of Texas styled *Enventure Global Tech., Inc. v. Mohawk Energy, Ltd., et al.,* Case No. 4:15-cv- O1053. Weatherford denies any remaining allegations in this paragraph.

13.     Enventure alleged in the Mohawk Lawsuit that Mohawk and its principals exploited intellectual property developed and/or acquired by Enventure in the solid expandables technology market, for the "express purpose of directly competing with [Enventure]." See Mohawk Lawsuit, Dkt. #21 ("Mohawk Amended Complaint"), ⌀ 179.

**Answer:** Weatherford admits that the quoted portion of this paragraph appears in ⌀179 of the Mohawk Amended Complaint. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

14.     Specifically, the Mohawk principals improperly obtained Enventure's and/or its predecessor's valuable solid expandables technology through their confidential relationship. *Id.*, ⌀⌀ 185-186, 192-193. Thereafter, Mohawk created various technical drawings and other documents containing manufacturing, testing, and operational information from Enventure's patented solid expandables technology products, including non-public information regarding those products (collectively, the "Infringed Technology"). Mohawk profited from the Infringed Technology by relying upon them to manufacture solid expandables technology products and services (the "Mohawk Accused Products") that Mohawk offered and sold in direct competition with Enventure.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

15.     Enventure alleged that the Mohawk Accused Products infringed one or more claims of the Asserted Patents. *See generally* Mohawk Amended Complaint. Enventure also alleged that Mohawk's sales of the Mohawk Accused Products caused, inter alia, significant economic harm to Enventure. *See, e.g.*, *id.*, ¶¶ 186, 193.

**Answer:** Weatherford admits that the Mohawk Amended Complaint contains paragraphs enumerated 186 and 193, which speak for themselves. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

16.     In light of the allegations set forth above, Enventure sought, inter alia, (i) a finding that the Mohawk defendants committed willful patent infringement of the Asserted Patents; (ii) a permanent injunction against the Mohawk defendants; (iii) damages "adequate to compensate [Enventure] for the damages it has suffered as a result of the (Mohawk] Defendants' infringement," including because of the exceptional nature of the Mohawk Lawsuit ; and (iv) an award of costs. *Id.*, pp. 27-28.

**Answer:** Weatherford admits that the Mohawk Amended Complaint contains portions of Plaintiffs' demands on pages 27-28. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

17.     In the Mohawk Lawsuit, the court construed relevant terms in the claims of the Asserted Patents, issued a claim construction order, and subsequently conducted a bench trial from February 6, 2018 to February 20, 2018 involving the majority of the Asserted Patents. Cf Mohawk Lawsuit, Dkt. #287 (transcript order request indicating trial dates).

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

18.    On December 18, 2018, the court issued a final judgment finding that the Mohawk Accused Products - all alleged to have been manufactured using the Infringed Technology - infringe the following claims of Enventure's Asserted Patents:

| Asserted Patent | OpenHole Clad and Patch Products | MaxWell Liner |
|---|---|---|
| U.S. Patent No. 7,240,729 | Claims 1, 3, 9-17 | |
| U.S. Patent No. 6,892,819 | Claims 1, 3, 8, 34-37, 49, 54-59 | |
| U.S. Patent No. 7,055,608 | Claims 1, 5-6, 8, 51 | |
| U.S. Patent No. 7,918,284 | Claim 35 | Claim 35 |
| U.S. Patent No. 7,159,665 | Claims 9, 14, 25, 39, 46, 54, 56 | Claims 2, 3, 9, 14, 25, 39, 46, 54, 56 |

*See* Mohawk Lawsuit, Dkt. #278, p. 1.

**Answer:** Weatherford admits that Dkt. #278 is entitled "Final Judgment" signed by the Honorable Vanessa D. Gilmore and dated December 18, 2018. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

19.    The court further found that Mohawk's infringement was willful, and issued : (i) a judgment against Mohawk for total damages of $9,340,237.50; (ii) a permanent injunction enjoining Mohawk and others from producing, manufacturing, marketing and/or selling Mohawk's Patch, OpenHole Clad, and MaxWell Liner products; (iii) an award of attorneys' fees against Mohawk in the amount of $5,782,749.48 as an "exceptional" case under 35 U.S.C. § 285; and (iv) an award of costs in the amount of $222,454.73. *Id.*

**Answer:** Weatherford admits that Dkt. # 278 in the Mohawk Lawsuit is a "Final Judgment" that includes an award for damages, attorneys' fees, costs, and an injunction, according to the terms specified therein. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

20.     The court also forbade one of the Mohawk principals from attempting to challenge the validity of an Asserted Patent (U.S. Patent No. 6,892,819), a patent upon which the Mohawk principal himself was listed as a co-inventor. *Id.* Notably, Dr. Ring, Weatherford's former Director of Technology, is also listed as a co-inventor on the same patent and many others.

**Answer:** Weatherford admits that Dr. Ring is identified as an inventor on the face of U.S. Patent 6,892,819. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

### Weatherford's Patent Infringement

21.     Like Mohawk, Defendant Weatherford has violated Enventure's rights in the Asserted Patents covering solid expandables technology. The only factual distinction is that Weatherford obtained the Infringed Technology from Mohawk. Mohawk did not have a legal right to possess or use Enventure's patented technology, or any right to otherwise exploit it, such as by sharing the Infringed Technology with third parties, including Weatherford.

**Answer:** Denied.

22.     Upon information and belief, on or around February 15, 2012, Weatherford agreed to pay a large sum of money to Mohawk for the Infringed Technology relating to solid expandables technology as part of a specific technology transfer ("Technology Transfer"). One of the first recitals in the Technology Transfer agreement stated that "Weatherford, its Affiliates, and their respective customers" desired to "exploit" certain information in the Infringed Technology "for commercial purposes." Upon information and belief, a Weatherford Vice President of Legal signed the Technology Transfer agreement, which was pre-approved by a separate in-house lawyer employed by Weatherford.

**Answer:** On February 15, 2012, Weatherford and Mohawk entered into an agreement titled "Purchase and License Agreement," which speaks for itself. Weatherford denies the remaining allegations in this paragraph.

23.    Upon information and belief, Weatherford and Mohawk agreed upon a certain "exchange location" in Houston, Texas where employees of Weatherford could physically analyze the Infringed Technology, and then take possession of them upon consummating the Technology Transfer.

**Answer:** The Purchase and License Agreement between Weatherford and Mohawk (dated February 15, 2012) includes an "exchange location." Weatherford denies the remaining allegations in this paragraph.

24.    Upon information and belief, Dr. Ring was involved with other employees of Weatherford in negotiating the terms of the Technology Transfer, reviewing and confirming the technical feasibility of the Infringed Technology at the "exchange location", and subsequently exploiting the solid expandables technology contained in the Infringed Technology.

**Answer:** Weatherford is without knowledge as to the allegations in the first three lines of this paragraph and denies them on that basis. Weatherford denies the infringement allegations contained in the last line of this paragraph.

25.    Upon information and belief, by virtue of Dr. Ring's previous employment with Enventure as its Chief Technology Officer and his intimate knowledge of the Infringed Technology, his position as Weatherford's Director of Technology for SET technology and other products, his being a named inventor on all but one of the Asserted Patents, and his negotiation of Weatherford's access to the Infringed Technology through a technology transfer agreement, Dr.

Ring's acts are imputed to Weatherford, which infringed and continues to infringe Enventure's Asserted Patents covering its SET technology.

**Answer:** Denied.

26.     Upon information and belief, Weatherford, its officers, directors, employees, or other agents knew, or should have known, that the Infringed Technology originated from and described Enventure's patented technology embodied in the Asserted Patents.

**Answer:** Denied.

27.     Enventure was unaware of the transfer of the Infringed Technology from Mohawk to Weatherford, or any physical review sessions at any "exchange location" that the parties conducted in Houston until multiple years after they had allegedly occurred.

**Answer:** Weatherford denies the infringement allegations contained in this paragraph. Weatherford is without knowledge as to the remaining allegations in this paragraph and denies them on that basis.

28.     Upon information and belief, Weatherford has profited from the Infringed Technology by relying upon them in whole or in part to manufacture solid expandables technology products that Weatherford has sold and is selling in direct competition with Enventure.

**Answer:** Denied.

29.     Weatherford's solid expandables technology products that it has manufactured in reliance upon the Infringed Technology in whole or in part (the "Weatherford Accused Products") comprise products advertised under various trademarks, including "MetalSkin®" and "HydraSkin®". Weatherford is in the business of manufacturing, importing, distributing, offering to sell and/or selling the Weatherford Accused Products.

**Answer:** Weatherford offers solid expandable products and services, including Weatherford proprietary technology and uses various trademarks. Otherwise, denied.

30.     Representative Weatherford Accused Products include (i) the MetalSkin® FODC-OR and WTXC threaded connection (individually, or collectively, "MetalSkin® TC Products"); (ii) the MetalSkin® cased-hole liner system ("MetalSkin® CHLS Products"); and (iii) the MetalSkin® monobore open-hole liner system ("MetalSkin® MOHLS Products"). These Weatherford Accused Products are identified in Exhibit A, titled "MetalSkin® Threaded Connections," Exhibit B, titled "MetalSkin® Cased-Hole Liner System", and Exhibit C, titled "MetalSkin® Monobore Open-Hole Liner System," respectively.

**Answer:** Weatherford developed these proprietary solutions, and Weatherford denies all infringement allegations in this paragraph. Accordingly, the allegation that such solutions are "representative Accused Products" as defined above is denied, as are any allegations or implications that Weatherford infringed any patents.

31.     Upon information and belief, Weatherford offers for sale or sells its infringing Weatherford Accused Products and/or deploys its infringing Weatherford Accused Products to exploration companies and/or other service providers throughout the United States and around the world.

**Answer:** Denied.

32.     Upon information and belief, in connection with its manufacture, importation, distribution, offering to sell and/or selling the Weatherford Accused Products, Weatherford infringes one or more of the claims in the Asserted Patents, as demonstrated in the analysis charts contained in the Appendix to this Complaint.

**Answer:** Denied.

## COUNT I

## INFRINGEMENT OF U.S. PATENT 6,409,175

33.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-32. All items except those expressly admitted are denied.

34.     Enventure is the sole owner of U.S. Patent No. 6,409,175 (the "'175 Patent") entitled "Expandable Joint Connector," issued on June 25, 2002.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

35.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '175 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

36.     From the date of issuance of the '175 Patent to the present, Enventure has marked its SET products with the '175 Patent number.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

37.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use,

importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '175 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

38.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® TC Products infringe without limitation an exemplary claim of the '175 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

39.     Enventure has not licensed any of its rights in the '175 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

40.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '175 Patent.

**Answer:** Denied.

41.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

42.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '175 Patent.

**Answer:** Denied.

43.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

44.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the'175 Patent.

**Answer:** Denied.

## COUNT II

## **INFRINGEMENT OF U.S. PATENT 6,470,966**

45.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 46 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-44. All items except those expressly admitted are denied.

46.     Enventure is the sole owner of U.S. Patent No. 6,470,966 (the "'966 Patent") entitled "Apparatus for Forming Wellbore Casing," issued on October 29, 2002.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

47.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '966 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

48.     From the date of issuance of the '966 Patent to the present, Enventure has marked its SET products with the '966 Patent number.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

49.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed , sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '966 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

50.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® MOHLS Products infringes without limitation an exemplary claim of the '966 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

51.     Enventure has not licensed any of its rights in the '966 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

52.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '966 Patent.

**Answer:** Denied.

53.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

54.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '966 Patent.

**Answer:** Denied.

55.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

56.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '966 Patent.

**Answer:** Denied.

**COUNT III**

**INFRINGEMENT OF U.S. PATENT 6,892,819**

57.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-56. All items except those expressly admitted are denied.

58.     Enventure is the sole owner of U.S. Patent No. 6,892,819 (the "'819 Patent") entitled "Forming a Wellbore Casing While Simultaneously Drilling a Wellbore," issued on May 17, 2005.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

59.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '819 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

60.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '819 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

61.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products infringes without limitation an exemplary claim of the '819 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

62.     Enventure has not licensed any of its rights in the '819 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

63.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '819 Patent.

**Answer:** Denied.

64.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

65.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '819 Patent.

**Answer:** Denied.

66.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

67.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '819 Patent.

**Answer:** Denied.

## COUNT IV

### INFRINGEMENT OF U.S. PATENT 7,055,608

68.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 69 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-67. All items except those expressly admitted are denied.

69.     Enventure is the sole owner of U.S. Patent No. 7,055,608 (the "'608 Patent") entitled "Forming a Wellbore Casing While Simultaneously Drilling a Wellbore," issued on June 6, 2006.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

70.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '608 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

71.     Upon information and belief, Weatherford, without license from Enventure, (l) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, usmg, importing, distributing, selling and/or offering for sale; and/or (4) is causmg the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '608 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

72.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products infringes without limitation an exemplary claim of the '608 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

73.     Enventure has not licensed any of its rights in the '608 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

74.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '608 Patent.

**Answer:** Denied.

75.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

76.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '608 Patent.

**Answer:** Denied.

77.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

78.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '608 Patent.

**Answer:** Denied.

## COUNT V

## INFRINGEMENT OF U.S. PATENT 7,077,211

79.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 80 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-78. All items except those expressly admitted are denied.

80.     Enventure is the sole owner of U.S. Patent No. 7,077,211 (the "'211 Patent") entitled "Method of Creating a Casing in a Borehole," issued on July 18, 2006.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

81.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '211 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

82.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using , importing , distributing , selling and/or offering for sale; and/or (4) is causing the manufacture, use,

importation, distribution, sales and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '211 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

83.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products and the MetalSkin® MOHLS Products infringes without limitation an exemplary claim of the '211 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

84.     Enventure has not licensed any of its rights in the '211 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

85.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '211 Patent.

**Answer:** Denied.

86.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

87.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '211 Patent.

**Answer:** Denied.

88.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

89.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '211 Patent.

**Answer:** Denied.

## COUNT VI

## **INFRINGEMENT OF U.S. PATENT 7,159,665**

90.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 91 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-89. All items except those expressly admitted are denied.

91.     Enventure is the sole owner of U.S. Patent No. 7,159,665 (the "'665 Patent") entitled "Wellbore Casing," issued on January 9, 2007.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

92.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '665 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

93.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '665 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

94.     Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products and the MetalSkin® MOHLS Products infringes without limitation an exemplary claim of the '665 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

95.     Enventure has not licensed any of its rights in the '665 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

96.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '665 Patent.

**Answer:** Denied.

97.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

98. The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '665 Patent.

**Answer:** Denied.

99. Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

100. Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or in directly, the '665 Patent.

**Answer:** Denied.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT 7,240,729**

101. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 102 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-100. All items except those expressly admitted are denied.

102. Enventure is the sole owner of U.S. Patent No. 7,240,729 (the "'729 Patent") entitled "Apparatus for Expanding a Tubular Member," issued on July 10, 2007.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

103.    Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '729 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

104.    Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '729 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

105.    Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products infringes without limitation an exemplary claim of the '729 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

106.    Enventure has not licensed any of its rights in the '729 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

107.    Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '729 Patent.

**Answer:** Denied.

108.  By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

109.  The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '729 Patent.

**Answer:** Denied.

110.  Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

111.  Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '729 Patent.

**Answer:** Denied.

**COUNT VIII**

**INFRINGEMENT OF U.S. PATENT 7,290,616**

112.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 113 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-111. All items except those expressly admitted are denied.

113.  Enventure is the sole owner of U.S. Patent No. 7,290,616 (the "'616 Patent") entitled "Liner Hanger," issued on November 6, 2007.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

114. Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '616 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

115. From the date of issuance of the '616 Patent to the present, Enventure has marked its SET products with the '616 Patent number.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

116. Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '616 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

117. Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products and the MetalSkin® MOHLS Products infringes without limitation an exemplary claim of the '616 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

118.     Enventure has not licensed any of its rights in the '616 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

119.     Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '616 Patent.

**Answer:** Denied.

120.     By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

121.     The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '616 Patent.

**Answer:** Denied.

122.     Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

123.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '616 Patent.

**Answer:** Denied.

## COUNT IX

## INFRINGEMENT OF U.S. PATENT 7,434,618

124.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 125 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-123. All items except those expressly admitted are denied.

125.    Enventure is the sole owner of U.S. Patent No. 7,434,618 (the "'618 Patent") entitled "Apparatus for Expanding a Tubular Member," issued on October 14, 2008.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

126.    Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '618 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

127.    Upon information and belief, Weatherford, without license from Enventure, (1) has made, used, imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution, sale and/or offer for sale; (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sale and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '618 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

128.    Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products infringes without limitation an exemplary claim of the '618 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

129.    Enventure has not licensed any of its rights in the '618 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

130.    Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '618 Patent.

**Answer:** Denied.

131.    By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

132.    The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '618 Patent.

**Answer:** Denied.

133.    Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

134.     Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '618 Patent.

**Answer:** Denied.

**COUNT X**

**INFRINGEMENT OF U.S. PATENT 7,918,284**

135.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 136 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-134. All items except those expressly admitted are denied.

136.     Enventure is the sole owner of U.S. Patent No. 7,918,284 (the "'284 Patent") entitled "Protective Sleeve for Threaded Connections for Expandable Liner Hanger," issued on April 5, 2011.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

137.     Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '284 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

138.     Upon information and belief, Weatherford, without license from Enventure, (1) has made, used , imported, distributed, sold and/or offered for sale; (2) has caused the manufacture, use, importation, distribution,  sale and/or offer for sale;  (3) is making, using, importing, distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use,

importation, distribution , sales and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '284 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

139. Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® TC Products infringes without limitation an exemplary claim of the '284 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied.

140. Enventure has not licensed any of its rights in the '284 Patent to the Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

141. Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '284 Patent.

**Answer:** Denied.

142. By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

143. The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '284 Patent.

**Answer:** Denied.

144.    Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

145.    Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '284 Patent.

**Answer:** Denied.

## COUNT XI

## **INFRINGEMENT OF U.S. PATENT 7,967,064**

146.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 147 as if fully set forth herein.

**Answer:** Weatherford incorporates by reference its answers to paragraphs 1-145. All items except those expressly admitted are denied.

147.    Enventure is the sole owner of U.S. Patent No. 7,967,064 (the "'064 Patent") entitled "Apparatus for Radially Expanding and Plastically Deforming a Tubular Member," issued on June 28, 2011.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

148.    Enventure offers for sale and sells products incorporating its patented solid expandables technology throughout the United States, including in this District, that are commercial embodiments of the invention claimed in the '064 Patent.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

149. Upon information and belief, Weatherford, without license from Enventure, (1) has made, used , imported, distributed, sold and/or offered for sale; (2) has caused the manufacture , use, importation, distribution , sale and/or offer for sale; (3) is making, using, importing , distributing, selling and/or offering for sale; and/or (4) is causing the manufacture, use, importation, distribution, sales and/or offer for sale of Weatherford Accused Products that infringe one or more claims of the '064 Patent, either literally or under the Doctrine of Equivalents.

**Answer:** Denied.

150. Upon information and belief, Weatherford's manufacture, sale, installation, or use of at least the MetalSkin® CHLS Products infringes without limitation an exemplary claim of the '064 Patent, as set forth in the Appendix to this Complaint.

**Answer:** Denied

151. Enventure has not licensed any of its rights in the '064 Patent to Weatherford.

**Answer:** Weatherford is without knowledge as to the allegations in this paragraph and denies them on that basis.

152. Upon information and belief, Weatherford's acts of infringement have been willful, with actual and/or constructive knowledge of the '064 Patent.

**Answer:** Denied.

153. By reason of Weatherford's infringement, Enventure is entitled to damages to the full extent authorized by 35 U.S.C. § 284, and injunctive relief pursuant to 35 U.S.C. § 283. Enventure is also entitled to its attorneys' fees under 35 U.S.C. § 285.

**Answer:** Denied.

154.    The infringing acts of Weatherford have been the actual and proximate cause of damage to Enventure, and Enventure has sustained damages and will continue to sustain damages as a result of Weatherford's infringement of the '064 Patent.

**Answer:** Denied.

155.    Enventure has no adequate remedy at law. The foregoing acts of Weatherford have caused Enventure irreparable harm. Unless enjoined, Weatherford's acts as alleged herein will continue to cause Enventure irreparable harm.

**Answer:** Denied.

156.    Upon information and belief, the activities of Weatherford have been for the purpose of infringing, either directly or indirectly, the '064 Patent.

**Answer:** Denied.

**JURY DEMAND**

Weatherford demands trial by jury on all issues so triable.

**PRAYER**

Weatherford denies that Enventure is entitled to any of the relief requested in subparagraphs (A) through (K).

**WEATHERFORD'S AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

**AFFIRMATIVE DEFENSES**

Weatherford asserts the following affirmative defenses and reserves the right to amend its Answer as more information becomes available and additional defenses become apparent. Nothing in these affirmative defenses is intended to alter or should be taken as an argument, admission, or waiver of argument regarding the burden of proof legally applicable to any of Enventure's allegations or Weatherford's defenses.

1.      Weatherford has not infringed, either directly, contributorily, or by inducement, any valid claim of the Asserted Patents.

2.      The claims of the Asserted Patents are invalid for failure to comply with one or more provisions of the patent laws, including, but not limited to, 35 U.S.C. §§ 101 *et seq.*, including at least sections 101, 102, 103, 112, 116, and/or any other applicable statutory provision or judicially created doctrine of invalidity, or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

3.      The relief that Enventure seeks is barred in whole or in part by the failure to mark and/or to provide adequate notice, actual or constructive, pursuant to 35 U.S.C. ⌀287.

4.      To the extent Enventure's claims are directed to acts occurring outside the United States, Enventure's claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C § 271 *et seq.*, including but not limited to § 271(a).

5.      Enventure's claims, in whole or in part, are barred by the doctrines of patent exhaustion and/or license, whether express or implied.

6.      Enventure's claims, in whole or in part, are barred due to Enventure's lack of ownership of one or more of the Asserted Patents and therefore lack of standing to enforce one or more of the Asserted Patents.

7.      Enventure's damages are limited by 35 U.S.C. § 252, 286, 287, and/or 288.

8.      Enventure is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

9.      Enventure is barred or limited from recovery in whole or in part by the doctrines of waiver, estoppel, unclean hands, acquiescence, ratification and/or other applicable equitable doctrines.

10.    Enventure is not entitled to an injunction because Enventure is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of Weatherford's conduct, and has an adequate remedy at law.

11.    Enventure has failed to adequately state a claim upon which relief can be granted.

## <u>WEATHERFORD'S COUNTERCLAIMS</u>

For its Counterclaims against Enventure, Weatherford alleges:

1.    Counterclaim Defendant Enventure is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 15995 N. Barkers Landing Road, Suite 350, Houston, TX 77079.

2.    Counterclaim Plaintiff Weatherford U.S., L.P. is a Limited Partnership organized and existing under the laws of the State of Louisiana and having its principal place of business at 2000 St. James Place, Houston, TX.

3.    Counterclaim Plaintiff Weatherford's Counterclaims are for declaratory relief relating to the Asserted Patents, among other counterclaims arising under federal law. Thus, this Court has subject matter jurisdiction over the Counterclaim-Plaintiff's Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq*.

4.    Enventure alleges that it owns all right, title, and interest in, and has standing to sue for infringement of the Asserted Patents.

5.    Enventure has submitted itself to this Court's jurisdiction by alleging, in the present lawsuit, that Weatherford infringes the Asserted Patents. Thus, an actual case or controversy between Counterclaim-Plaintiff Weatherford and Enventure exists and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I – NON-INFRINGEMENT

6.      Counterclaim-Plaintiff Weatherford incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-5, above, as if set forth fully herein.

7.      Counterclaim-Plaintiff Weatherford does not infringe and has not infringed any valid claim of the Asserted Patents.

8.      Counterclaim-Plaintiff Weatherford seeks a declaratory judgment that it has not infringed and does not infringe any valid claim of the Asserted Patents.

## COUNT II – INVALIDITY

9.      Counterclaim-Plaintiff Weatherford incorporates and realleges the allegations set forth in Counterclaim Paragraphs 1-8, above, as if set forth fully herein.

10.     The claims of the Asserted Patents are invalid for failure to meet one or more of the conditions of patentability or to otherwise comply with one or more provisions of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or any other applicable statutory provision or judicially created doctrine of invalidity, or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

11.     Counterclaim-Plaintiff Weatherford seeks a declaratory judgment that the claims of the Asserted Patent are invalid for failure to meet the conditions of patentability or to otherwise comply with the requirements set forth in one or more provisions of the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or any other applicable statutory provision or judicially created doctrine of invalidity, or the Rules and Regulations of the United States Patent & Trademark Office relating thereto.

## **PRAYER FOR RELIEF**

Wherefore, Defendant and Counterclaim-Plaintiff Weatherford prays for judgment as follows:

(1) That Enventure take nothing;

(2) For a declaration that one or more claims of the Asserted Patents are invalid;

(3) For a declaration that Weatherford has not infringed and does not infringe any valid claim of the Asserted Patents;

(4) For a declaration that this case is "exceptional" under 35 U.S.C. § 285;

(5) For an award of attorneys' fees incurred herein by Weatherford, as permitted under 35 U.S.C. § 285;

(6) For an award of costs of suit incurred herein by Weatherford; and

(7) For such other and further relief as the Court deems appropriate.

/ *Leslie V. Payne* /

Leslie V. Payne
State Bar No. 0784736
lpayne@hpcllp.com
J. Boone Baxter
TX State Bar No. 24087150
bbaxter@hpcllp.com
HEIM PAYNE & CHORUSH, LLP
1111 Bagby St., Suite 2100
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF
WEATHERFORD U.S., L.P.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 21st day of October, 2019 with a copy of this document via the Court's CM/ECF system per L.R. 5.3.

*/ Leslie V. Payne /*
Leslie V. Payne