

Intellectual Property Litigation
www.heimpaynechorush.com

CHRISTOPHER M. FIRST  
PARTNER

(713) 221-2027  
cfirst@hpcllp.com

**February 20, 2020**

Hon. Nancy Atlas  
c/o Shelia Ashabranner, Case Manager to Judge Nancy F. Atlas  
15 Rusk Street, Room 9015  
Houston, TX 77002  
shelia_ashabranner@txs.uscourts.gov  
**BY EMAIL AND ECF**

Re:   Status Update re: Discovery Dispute in Case No. 4:19-cv-02397

Dear Judge Atlas:

The following is a chronology of certain events since the Court's Feb. 4 conference:

- **Feb. 5**: Weatherford asks Mohawk to discuss narrowing of production categories.
- **Feb. 6**: Enventure states that "to the extent there are documents [from the prior Mohawk case] which do not incorporate any Mohawk information or documentation [it] will revisit the issue" of producing those materials.
- **Feb. 7**: Mohawk reconfirms the Mohawk invalidity contentions withheld by Enventure contain no Mohawk confidential information. Weatherford again asks Enventure to immediately produce those materials.
- **Feb. 10, AM**: Weatherford again asks Mohawk to discuss the narrowed production categories.
- **Feb. 10, PM**: Enventure serves its infringement contentions. Despite Enventure's statement at the February 4th conference that it would add infringement allegations against the tools Mohawk sold to Weatherford, the contentions do not include such allegations. (*But see* February 14th entry below where Enventure seeks to amend its Complaint to add the Mohawk tool allegations.)
- **Feb. 11, AM**: Weatherford again asks Enventure to provide a date by which it will produce the Mohawk litigation materials that do not include Mohawk confidential information.
- **Feb. 11, PM**: In view of Enventure's infringement contentions not adding allegations against the Mohawk tools Weatherford bought, Weatherford provides a written list of narrowed production categories to Mohawk.

- **Feb. 13**: Weatherford and Mohawk have a long call to discuss Weatherford's narrowed requests. Mohawk does not provide a substantive position beyond restating its objection to production of Mohawk confidential information and offering to consider the narrowed requests.
- **Feb. 14**: A full week after receiving confirmation that Mohawk's invalidity contentions never contained any confidential information, Enventure produces Mohawk's invalidity contentions from the prior litigation.
- **Feb. 14**: Enventure sends a letter to Weatherford stating that it wants to amend its Complaint to add a new patent and infringement allegations against the tools Mohawk sold to Weatherford.
- **Feb. 15**: Weatherford provides Enventure's February 14th letter to Mohawk and again asks to discuss the narrowed production categories.
- **Feb. 17-18**: Weatherford continues to ask Mohawk to discuss and provide its specific positions on the narrowed categories.
- **Feb. 18**: Enventure confirms that it has not reviewed the withheld materials from the Mohawk litigation for any confidentiality issues or designations. Enventure further confirms that certain materials are *not* designated, but it has withheld them—for example, even though the Mohawk invalidity expert report is not marked as confidential, Enventure continues to refuse to produce the report.

Despite Weatherford's efforts to narrow its requests for the Mohawk litigation materials and many calls and correspondence, very little progress has been made since the February 4th conference.

**Materials Without Mohawk Confidential Information**: Enventure continues to withhold materials not designated as confidential by Mohawk in the Mohawk litigation. Enventure's position is that it needs Mohawk's approval to produce materials relating to Mohawk, even those never designated as confidential.[1] And Enventure refuses to review those same materials to redact Mohawk confidential information or determine whether such confidential information is included. As a result, on top of withholding any Mohawk litigation materials that include Mohawk confidential information, Enventure effectively refuses to produce virtually all Mohawk litigation materials, even those that have *no* confidential information and those that contain only Enventure confidential information.

---

[1] This is best shown by the recent production of Mohawk's invalidity contentions—Enventure withheld them for months until Mohawk "approved" their production. Yet the contentions reveal the lack any confidentiality designation.

The evening before this letter was due, Mohawk notified Weatherford that Enventure "will produce Enventure's discovery answers and responses in the Mohawk case along with other random documents not subject to a Mohawk objection" and produced a small collection of materials. It is unclear how Enventure selected the "random" documents it produced.

**<u>Materials With Mohawk Confidential Information</u>**: As to the application to Judge Gilmore discussed at the February 4th conference, Weatherford hoped to agree with Mohawk on the sealed materials. But Mohawk has not offered a substantive response to Weatherford's narrowed production requests.

Because no such agreement appears likely, Weatherford intends to move forward with its application this week. As discussed at the last conference, Weatherford will not ask Judge Gilmore to "unseal" anything from the Mohawk litigation. Instead, Weatherford will request that certain materials that Judge Gilmore sealed (*e.g.*, the trial transcripts, the Final Judgement, etc.) be subject to discovery in this case, where they can be produced and protected under the appropriate Protective Order designations. Weatherford will file a copy of the application here to keep the Court apprised.

Finally, Weatherford believes it would be more productive to hold the next discovery conference *after* Judge Gilmore rules on Weatherford's application. For this reason, Weatherford respectfully requests the scheduled February 27th conference be postponed until Judge Gilmore makes a ruling on the application.

Regards,

Christopher M. First

*cc: Counsel for Enventure; Counsel for Mohawk*