

Seyfarth Shaw LLP
700 Milam Street
Suite 1400
Houston, Texas 77002-2812
T (713) 225-2300
F (713) 225-2340

lmeyerhoff@seyfarth.com
T (713) 238-1874

www.seyfarth.com

February 20, 2020

**VIA E-MAIL**

Shelia Ashabranner
Case Manager to Judge Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, TX 77002
shelia_ashabranner@txs.uscourts.gov

Re:   Amended Scheduling Order- C.A. No. 4:19-cv-02397; Enventure Global Technology, Inc. v. Weatherford U.S. L.P.; U.S. District Court; Southern District of Texas; Houston Division

Dear Ms. Ashabranner,

We are contacting the Court about the need to slightly modify the Court's Scheduling Order relating to an additional infringed patent that Plaintiff identified after reviewing Defendant's recent document production. The proposed modification to the Scheduling Order involves adding preliminary contentions dates for both parties for the new patent.

We have communicated with Defendant's counsel in writing and by phone. Defendants' counsel object to any change to the Court's Scheduling Order unless Plaintiff dismisses two of the Asserted Patents and withdraws certain Accused Products. Since the parties' counsel have been unable to agree on modifying the Court's Scheduling Order, Plaintiff requests a meeting with the Court.

**Plaintiff's Efforts to Streamline/Advance the Case**

In previous discussions with the Court and counsel, Plaintiff's counsel advised that they would review the Asserted Patents and Asserted Claims in an effort to streamline this case going forward. After reviewing Defendant's recent document production, Plaintiff has withdrawn four Asserted Patents from Plaintiff's Preliminary Infringement Contentions served on Defendant's counsel on February 10, 2020,[1] and reduced the Asserted Claims from 400+ to fewer than 60 Asserted Claims (see infra).

---

[1] Shortly, Plaintiff plans to file an amended complaint that, inter alia, reflects the revised Asserted Patents consistent with its recently-served Preliminary Infringement Contentions.



### Proposed Modification to Court's Scheduling Order - Preliminary Contentions for Additional Patent

After having the benefit of reviewing Defendant's document production through January 22, 2020 (WFT 1- 69,087), Plaintiff's counsel also identified another patent that Defendant's products infringe. There is good cause to add the new patent to the case[2] because infringement of the patent was not evident until Plaintiff's counsel completed their review of Defendant's responses to Plaintiff's discovery, including document production. We have communicated with Defendant's counsel, who object to adding this patent to the case (in addition to objecting to Plaintiff removing four Asserted Patents from the case).

Pursuant to the Court's Scheduling Order (Dkt. #17, Sec. 6), a plaintiff may file an amended complaint without a motion for leave. However, if an amended complaint affects the parties' preliminary infringement or preliminary invalidity contentions, the plaintiff must file a motion. In this instance, adding a new patent necessarily affects the Court's current Scheduling Order. However, adding the single patent will minimally affect the Court's Scheduling Order, requiring only new dates for preliminary infringement contentions and preliminary non-infringement/invalidity contentions for this single patent.

To assist the Court, Plaintiff provides the following specific details.

### Seven Asserted Patents Remaining in Plaintiff's Preliminary Infringement Contentions

The current list of Asserted Patents is a subset of the 11 patents originally asserted. This reduction substantially narrows the current case to the following Asserted Patents:

- U.S. Patent No. 6,409,175
- U.S. Patent No. 6,892,819
- U.S. Patent No. 7,159, 665
- U.S. Patent No. 7,240,729
- U.S. Patent No. 7,290,616
- U.S. Patent No. 7,918,284
- U.S. Patent No. 7,967,064

### Four Asserted Patents Withdrawn from Plaintiff's Preliminary Infringement Contentions

Plaintiff has withdrawn the following Asserted Patents from Plaintiff's Preliminary Infringement Contentions:

---

[2] Plaintiff's Amended Complaint will add the new patent to the case, along with additional accused products.



U.S. Patent No. 6,470,966

U.S. Patent No. 7,055,608

U.S. Patent No. 7,077,211

U.S. Patent No. 7,434,618

**The Single Patent Plaintiff Requests to be <u>Added</u> via an Amended Complaint**

After reviewing Defendant's document production, Plaintiff identified an additional patent that many of Defendant's products infringe:

U.S. Patent No. 6,604,763

Plaintiff seeks to add the '763 Patent to the current lawsuit via an amended complaint. There needs to be a slight adjustment to the Court's current Scheduling Order related to the '763 Patent. Specifically, Plaintiff requests that the Court amend the Scheduling Order to add: (1) a date for Plaintiff to serve its Preliminary Infringement Contentions for the '763 Patent; and (2) a date for Defendant to serve its Preliminary Non-Infringement Contentions and Preliminary Invalidity Contentions for the '763 Patent.

**Additional Infringing Products**

After reviewing Defendant's document production, Plaintiff and its counsel also identified additional infringing products, including but not limited to, Defendant's rebranding of the Mohawk HydraSkin product line, now known as MetalSkin products. Plaintiff will be amending the Complaint to include patent infringement allegations against this MetalSkin product line. Similarly, the Scheduling Order will need to reflect dates for the parties' preliminary contentions for the additional infringing products.

**Counsel's Communications Regarding Amending the Scheduling Order**

Plaintiff's counsel notified Defendant's counsel in writing and conferred by phone about Plaintiff's plan to dismiss four of the Asserted Patents, add a single patent, add additional infringing products, and request to the Court to set a date certain for the parties' respective preliminary contentions. Defendant's counsel object to Plaintiff's request to add a patent, withdraw four Asserted Patents, add additional infringing products, and slightly modify the Scheduling Order.

Very truly yours,

*Lisa N. Meyerhoff*
Lisa Meyerhoff
Attorney-in-Charge for
Plaintiff Enventure Global Technology, Inc.



cc:    J. Boone Baxter (bbaxter@hpcllp.com)
Christopher M. First (cfirst@hpcllp.com)
Leslie V. Payne (lpayne@hpcllp.com)
Attorneys for Defendant Weatherford U.S., L.P.