

CHRISTOPHER M. FIRST  
PARTNER

(713) 221-2027  
cfirst@hpcllp.com

**February 24, 2020**

Hon. Nancy Atlas  
c/o Shelia Ashabranner, Case Manager to Judge Nancy F. Atlas  
15 Rusk Street, Room 9015  
Houston, TX 77002  
shelia_ashabranner@txs.uscourts.gov  
**BY EMAIL AND ECF**

Re:   Enventure's Letter Request to Expand the Scope of Case 4:19-cv-02397

Dear Judge Atlas:

I write to address Enventure's letter dated February 20 (ECF No. 48). This letter purports to relate to a scheduling dispute. Enventure puts the cart before the horse—it asks the Court to "slightly modify" the schedule to allow Enventure to add new accused products and add a new patent to a case that is already unduly expansive because it includes seven asserted patents and 55 asserted claims against five separate Weatherford product lines. Enventure's reason for this proposal is "shortly, [it] plans to file an amended complaint"—but Enventure has neither sought nor been granted leave to add these new allegations, which Weatherford opposes. *See* Env. Ltr. at 1, FN1; 2, FN2.

The scheduling order requires "if the amendment could affect preliminary or final infringement contentions, a motion must be made under P.R. 3-7 irrespective of whether the amendment is made before this deadline." *See* ECF No. 17 at 4. And P.R. 3-7 requires that such an amendment "may be made **only** if the presiding judge finds there is **good cause** for the requested changes." (Emphasis added.) Enventure concedes its proposed amendment would affect infringement contentions and concedes a motion for leave is required. *See* Env. Ltr. at 2. Yet Enventure has not sought leave to amend to add new products and a new patent to the case, has not tried to show good cause, and has not been granted leave. Weatherford can present many reasons why leave would be unwarranted in opposition to a motion for leave. The Court should deny Enventure's request.

Enventure first suggested in November it might seek to add an infringement allegation against Mohawk-manufactured tools bought by Weatherford, even though Enventure already recovered damages on those products as part of the *Mohawk* litigation. (Thus, Enventure's claims as to the Mohawk tools are barred under principles of double

recovery.) Weatherford agreed to push back Enventure's infringement contention date in the original schedule, and Enventure later sought and received another one-month extension from the Court to serve its infringement contentions. *See* ECF No. 32. All of this was purportedly to narrow its case—indeed, the Court made clear to Enventure weeks ago that its contentions needed to be "broad enough that you can live with them for the rest of this case." Enventure served its contentions on February 10—they *did not* include the Mohawk tools or the new patent Enventure seeks to add.

Only *four days* after serving its infringement contentions, Enventure informed Weatherford it would seek leave to add new accused products and add a new patent into the case. Weatherford stated it would oppose. Now, rather than seeking leave, Enventure labels the dispute as a scheduling issue. It is not; this is a dispute about whether Enventure can show good cause in a motion for leave to expand the scope of this case by adding a new patent and adding new accused products. It has not even tried to meet the legal requirements for such a request. *See* ECF No. 17 at 4; Local Patent Rule 3-7.

Enventure provides no explanation why its February 10 infringement contentions did not include the allegations it now seeks to add. Nor does Enventure make any attempt to show good cause, or to show that leave to amend is justified, especially given the weight of the facts: (1) Enventure's multiple extensions; (2) the Court's express warning that Enventure should use those extensions to finalize its contentions; (3) the fact Enventure knew of both the products and patent it seeks to add even before this case was filed; (4) Enventure's lack of explanation for its delay; and (5) the futility of adding Mohawk tools where Enventure already recovered for those tools.[1]

For these reasons, Weatherford respectfully asks the Court to deny Enventure's letter request.

Regards,

Christopher M. First

---

[1] Even where good cause is not required, Supreme Court jurisprudence shows "undue delay, bad faith or dilatory motive [], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." are proper reasons to deny leave. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).