# Vinson&Elkins

Hilary L. Preston  hpreston@velaw.com
Tel **+**1.512.542.8498  Fax **+**1.917.849.5342


February 24, 2020


**VIA CM/ECF AND EMAIL**

Hon. Nancy Atlas
c/o Sheila Ashabranner, Case Manager to Judge Nancy F. Atlas
United States Courthouse
515 Rusk Street, Room 9015
Houston, TX 77002-2601
Email:  shelia_ashabranner@txs.uscourts.gov

> Re:   *Enventure Global Technology Inc. v. Weatherford U.S., L.P.*, No. 4:19-cv-02397
>         Supplemental Status Report Regarding Discovery Dispute

Dear Judge Atlas:

      We write on behalf of our client, non-party Mohawk Energy Ltd. ("Mohawk") to provide a supplemental update on the ongoing dispute with plaintiff Enventure Global Technology Inc. ("EGT" or "Enventure") and defendant Weatherford U.S., L.P. ("Weatherford") regarding discovery of materials from *Enventure Global Technology, Inc. v. Mohawk Energy, Ltd.*, No. 4:15-cv-01053 (S.D. Tex.) ("EGT/Mohawk Litigation").

      As an initial matter, Mohawk has no objection to Enventure's production of any documents or materials from the EGT/Mohawk Litigation that do not contain Mohawk Confidential Information, but Weatherford should seek such materials from Enventure and not burden non-party Mohawk. Mohawk therefore takes no position on any dispute between the parties regarding that set of materials.

      Indeed, Weatherford confirmed on our February 12, 2020 call that the only materials sought from Mohawk are those that actually contain Mohawk Confidential Information. However, as described more fully below, Mohawk maintains that Weatherford has not adequately explained how materials containing Mohawk Confidential Information are relevant in the instant action.

      *Update Regarding Relevance of Mohawk's Confidential Information*

      As Mohawk understood the Court at the February 4, 2020 hearing, Weatherford was to (1) review Enventure's Preliminary Infringement Contentions ("PICs"), and (2) based on that review, determine whether Mohawk Confidential Information is actually relevant and narrow its requests for documents to Mohawk.

**Vinson & Elkins LLP**
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London
New York  Richmond  Riyadh  San Francisco  Tokyo  Washington
VAT TRN: 100259997300003
US 6931635

2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel +1.512.542.8400  Fax +1.512.542.8612  velaw.com

**V&E**

On February 10, 2020, Enventure served its PICs on Weatherford, in which it accuses Weatherford's MetalSkin® FODC-OR and WTXC threaded connections, MetalSkin® Monobore Open Hole Liner System, MetalSkin® Monobore Open Hole Clad System, and MetalSkin® Cased Hole Liner System (various sizes). The PICs do not accuse **a single Mohawk product**, let alone any Mohawk product at issue in the EGT/Mohawk Litigation, which only included Mohawk's MetalPatch, FracPatch, ReFracPatch, Open Hole Clad, and MaxWell Liner systems. Enventure's infringement theories, therefore, are solely based on an analysis of **Weatherford's products**, and there should be no need for Mohawk Confidential Information.

As Weatherford reported, Enventure recently indicated its intent to amend its allegations and contentions to add a series of Mohawk products that were sold to Weatherford and rebranded as HydraSkin/MetalSkin products and indeed sought leave from the Court to do so. *See* Dkt. No. 48 at 3. In Weatherford's view, this signals further need for Mohawk's Confidential Information from the EGT/Mohawk Litigation. However, Mohawk notes that it is not certain the Court will allow Enventure to amend its claims to include those allegations, given the Court's admonishment at the hearing that Enventure should file PICs "broad enough that you can live with them for the rest of this case." *See* Hr'g Tr. Feb. 4, 2020 at 40:7-18. Therefore, discovery of Mohawk's Confidential Information on this basis would be premature.

Given that Enventure's PICs do not accuse Mohawk products and that Enventure has not otherwise amended its case to include Mohawk products, Weatherford's only articulated basis to support discovery of Mohawk's Confidential Information is that Enventure's claims are based on allegations that Weatherford acquired the Mohawk technology at issue in the EGT/Mohawk Litigation and incorporated that technology into the currently accused Weatherford products. But, without more, those allegations simply do not support the wholesale discovery of Mohawk's Confidential Information for at least four reasons: **First**, regardless of where Weatherford may have acquired the technology, **only Weatherford's products** are accused. **Second**, the EGT/Mohawk Litigation was centered on alleged infringement by specific Mohawk products, not the relationship between Mohawk and Weatherford, and therefore Mohawk's Confidential Information from that litigation would only tangentially concern the relationship between Mohawk and Weatherford, if at all. **Third**, any documents regarding technology transfer between Mohawk and Weatherford would necessarily already be in Weatherford's possession. **Fourth**, Weatherford's overbroad requests would also sweep in Mohawk's sensitive financial information, which is certainly not relevant to Weatherford's defense. There simply appears to be no need for Mohawk's Confidential Information in this case.

That said, the parties continue to discuss a resolution of this dispute, and Mohawk agrees that it would be beneficial to have Judge Gilmore's ruling on Weatherford's application for sealed materials before the next discovery conference. Mohawk therefore joins Weatherford's request to postpone the

US 6931635



February 27, 2020 hearing.  We continue to look forward to assisting the Court in this discovery dispute and appreciate the Court's attention to these important matters.

                                            Respectfully submitted,

                                            */s Hilary L. Preston*

                                            Hilary L. Preston