United States District Court
Southern District of Texas
**ENTERED**
April 07, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVENTURE GLOBAL TECHNOLOGY INC., <br> Plaintiff, <br><br> v. <br><br> WEATHERFORD U.S., L.P., <br> Defendant. | § § § § § § § § § | CIVIL ACTION NO. H-19-2397 |

# **MEMORANDUM AND ORDER**

Defendant Weatherford U.S., L.P. ("Weatherford") filed its First Amended Counterclaims ("Counterclaims") [Doc. # 52], asserting non-infringement and invalidity counterclaims. Attached to the Counterclaims as appendices are documents that reference settlement discussions, including Appendix D that bears the heading "Confidential - Subject to Non-Disclosure Agreement, Protective Order, and Rule 408." The case is now before the Court on the "Motion to Strike Defendant's First Amended Counterclaims that Violate the Parties' Rule 408 Agreement and Settlement Discussions" ("Motion to Strike") [Doc. # 60], filed by Plaintiff Enventure Global Technology, Inc. ("Enventure"). Weatherford filed its Opposition [Doc. # 72], and Enventure filed a Reply [Doc. # 73]. Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to Strike. The Court requires, however, that the five Counterclaims appendices be placed under seal.

Enventure argues that Weatherford improperly attached to its Counterclaims documents that reference settlement communications, in violation of Rule 408 of the Federal Rules of Evidence. Rule 408 prohibits the admission of evidence of settlement negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." FED. R. EVID. 408(a). An exception allows the admission of such evidence for another purpose, such as "proving a witness's bias or prejudice." FED. R. EVID. 408(b).

Enventure does not identify any statements in the Counterclaims that violate Rule 408. Indeed, Enventure asserts that the Counterclaims, without the attachments, were adequately pled and "there is no justifiable reason for [Weatherford] to file protected settlement letters. . .." *See* Reply [Doc. # 73], pp. 4-5. Weatherford states, and the Court relies on the Weatherford's representation, that it does not intend to rely on any portions of the attachments that would violate Rule 408. *See* Opposition [Doc. # 72], p. 1.

Therefore, it appears that Enventure is seeking to strike Weatherford's Counterclaims based on portions of attachments on which Weatherford does not rely in pursuing the Counterclaims. Enventure fails to provide a legal or factual basis for striking the Counterclaims, which themselves do not violate Rule 408. The Court, however, respects the important role that Rule 408 plays in settlement negotiations.

Therefore, the Court will require that the appendices be placed under seal. Accordingly, it is hereby

**ORDERED** that Enventure's Motion to Strike [Doc. # 52] is **DENIED**.  It is further

**ORDERED** that the Clerk shall file the five Counterclaims Appendices [Doc. # 52-1 through # 52-5] under seal.

SIGNED at Houston, Texas, this 7th day of **April, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE