United States District Court
Southern District of Texas
**ENTERED**
May 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVENTURE GLOBAL TECHNOLOGY INC., | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. H-19-2397 |
| WEATHERFORD U.S., L.P., | § § | |
| Defendant. | § | |

# **MEMORANDUM AND ORDER**

This patent case is before the Court on the Motion for Protective Order Regarding Mohawk's Confidential Document Productions ("Motion") [Doc. # 78] filed by Non-Party Mohawk Energy, Ltd. ("Mohawk"), to which Plaintiff Enventure Global Technology, Inc. ("Enventure") filed an Opposition [Doc. # 90]. Mohawk filed a Reply[1] [Doc. # 93], as did Defendant Weatherford U.S., L.P. ("Weatherford") [Doc. # 94]. Having reviewed the record and applicable legal authorities, the Court **grants** Mohawk's Motion.

---

[1] In its Reply, Mohawk argues that Enventure's Opposition should by struck because it is not signed and was filed late. Enventure has now filed a signed copy of the Opposition [Doc. # 102]. The original Opposition was due May 4, 2020, and was filed at 12:01 a.m. on May 5, 2020. The Court declines to strike Enventure's Opposition for being filed one minute late.

## I.     BACKGROUND

Enventure previously sued Mohawk in this federal district for patent infringement, *Enventure Global Technology, Inc. v. Mohawk Energy,* Ltd., Civil Action No. 4:15-1053. In that case, the Hon. Vanessa Gilmore entered a Protective Order, attached to Mohawk's Motion as Exhibit 1. Pursuant to the Protective Order, Mohawk produced documents (referred to herein as "Mohawk Confidential Production") that were designated as either "Confidential Information" or "Highly Confidential Information." The Mohawk Confidential Production in the *Mohawk* case exceeded 12,000 documents. After trial and a ruling in favor of Enventure in the *Mohawk* case, Enventure and Mohawk entered into a settlement agreement.

Enventure has now sued Weatherford for patent infringement. Weatherford sought discovery in this case of information produced in the *Mohawk* case. Mohawk objected. Eventually, Weatherford limited its request for documents from the *Mohawk* case to expert reports, expert deposition transcripts and exhibits, deposition transcripts of four fact witnesses, and non-sealed versions of briefing on specific issues. *See* Weatherford Letter [Doc. # 68]. The Court ruled on Weatherford's more limited request by Order entered March 24, 2020 [Doc. # 71].

Weatherford does not seek production of the Mohawk Confidential Production. Nonetheless, Enventure, through its counsel, has stated its intent to produce in this

case the entire 12,000+ document Mohawk Confidential Production. Mohawk filed its Motion for Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, seeking to preclude Enventure's intended disclosure of the Mohawk Confidential Production. Mohawk's Motion has been fully briefed and is now ripe for decision.

## II.     **RULE 26(c) PROTECTION AGAINST DISCLOSURE**

Rule 26(c) of the Federal Rules of Civil Procedure allows the Court to enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G); *Reedhycalog UK, Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 246 (E.D. Tex. 2008). "The trial court has broad discretion in using protective orders to limit the means and scope of discovery." *Doe on behalf of Thomas v. Sutter*, 2019 WL 1429626, *1 (S.D. Tex. Mar. 29, 2019); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

Enventure argues that it must produce the Mohawk Confidential Production based on the statement in the Court's March 24, 2020 Order requiring Enventure to "produce any materials from the *Mohawk* case, such as deposition testimony and

expert reports, on which Enventure now relies (or ever intends to rely) for its claims against Weatherford in this case." Order [Doc. # 71], p. 6.  Enventure's argument is unpersuasive.  The statement in the Court's Order was made in connection with, and was limited to, its ruling on documents that Weatherford was at that time requesting be produced.  Weatherford was not then, and is not now, requesting production of all the documents in the Mohawk Confidential Production.

Moreover, although Enventure claims that the Court's March 24 Order requires it to produce the entire Mohawk Confidential Production because Enventure "intends to rely" on those documents in this case, that "intent" is currently precluded by the Protective Order in the *Mohawk* case.  The Protective Order provides clearly and unequivocally that information such as the Mohawk Confidential Production "may only be used for purposes of preparation, trial, and appeal ***of this action***" and "may not be used under any circumstances . . . for any other purpose."  Protective Order, Exh. 1 to Motion, p. 3 (emphasis added).  Therefore, this provision of the Protective Order precludes Enventure from using the Mohawk Confidential Production in this lawsuit against Weatherford.

Enventure argues that Section 11 of the Protective Order permits its anticipated use of the Mohawk Confidential Production in this case.  *See* Opposition, p. 7.  That section provides:

> By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.

Protective Order, p. 6. This Court has not, however, made a finding that all the documents in the Mohawk Confidential Production are relevant and subject to disclosure in this case. Indeed, the Court is unwilling to make this finding globally as to more than 12,000 documents. If Enventure intends to use in this case against Weatherford any specific document from the Mohawk Confidential Production, it may file a written motion with this Court seeking a finding regarding relevance and disclosure as to that specific document.

In its Opposition to Mohawk's Motion, Enventure argues that the Court should "balance litigants' needs," and that production of the Mohawk Confidential Disclosure will promote "judicial efficiency." *See* Opposition, pp. 8-9; 11-13. The balance of the needs in this case currently weighs heavily in favor of Mohawk, whose confidential documents produced in the *Mohawk* case are protected by the *Mohawk* Protective Order. This is particularly true here because Enventure has failed to articulate a need for any specific document(s) in the Mohawk Confidential Disclosure and, instead, asserts globally that it may, at some point during the litigation, want to use one or more of the documents. Additionally, the Court is unpersuaded that Enventure's proposed data dump would promote judicial efficiency.

## III.     SEYFARTH SHAW'S RETENTION OF MOHAWK'S DOCUMENTS

There is a related issue regarding the possession of the Mohawk Confidential Production by Enventure's counsel, Seyfarth Shaw. The *Mohawk* Protective Order states that within sixty days after dismissal of the *Mohawk* case pursuant to a settlement agreement:

> each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

Protective Order, p. 6. It appears that Enventure and Mohawk each complied with their obligation under this section of the Protective Order. Seyfarth Shaw, however, retained the Mohawk Confidential Production, taking the position that the entire production constituted "attorney work" because they, as Enventure's outside counsel, reviewed and analyzed the documents "to inform litigation strategy" in the *Mohawk* lawsuit. *See* Opposition, p. 4.

Whether or not this interpretation of the Protective Order is reasonable, Section 12 of the Protective Order provides the remedy for a party's improper retention of the confidential documents covered by the Protective Order. That section provides that

the Protective Order will be enforced by the sanctions set forth in Rule 37(a) of the Federal Rules of Civil Procedure and any other sanctions "as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt." *See* Protective Order, p. 6. If Mohawk believes that Seyfarth Shaw has violated the Protective Order in the *Mohawk* case, it can seek appropriate relief from Judge Gilmore, the presiding judge in that case.

### IV.   **MOHAWK'S REQUEST FOR AWARD OF EXPENSES**

Mohawk requests that it recover from Enventure its reasonable expenses and attorneys' fees incurred in filing this Motion for Protective Order. Federal Rule 37(a)(5) applies to Mohawk's request for expenses. *See* FED. R. CIV. P. 26(c)(3). The Rule provides that the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). The Court must not order payment of expenses, however, if "(i) the movant filed the motion before attempting in good faith to [resolve the dispute] without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*. In this

case, Mohawk attempted in good faith to resolve this dispute with Enventure and its counsel prior to filing the Motion for Protective Order.

In its opposition to Mohawk's request for an award of expenses, Enventure states that "it is unreasonable for Enventure to be in a position where it must determine Mohawk's own [confidentiality] designations for it, especially after Mohawk deemed the entire [Mohawk Confidential Production] producible." *See* Opposition, p. 13. In support of that statement, Enventure cites Docket Entry # 37 at pages 3-4.[2] Docket Entry # 37 is a letter to the Court from Seyfarth Shaw in which the Court is advised that "Mohawk has consistently objected to the production of its documents" from the Mohawk lawsuit. *See* Letter [Doc. # 37], p. 3. Seyfarth Shaw states further that "Enventure should not be required to produce a non-party's Confidential and Highly Confidential information/documents to which the non-party has repeatedly objected, and when the requested production is precluded by a standing protective order entered by another federal judge." *Id*. at 4. The argument that Mohawk should not recover its expenses because it "deemed the entire" Mohawk Confidential Production producible is refuted by the document cited to support it and, therefore, does not establish that Enventure's attempt to disclose the Mohawk

---

[2] Enventure also cites Docket Entry # 71, which is this Court's March 24, 2020 Order. There is nothing in that Order that supports the statement that Mohawk "deemed the entire [Mohawk Confidential Production] producible."

Confidential Production in violation of Judge Gilmore's Protective Order was substantially justified. Nor does it indicate that other circumstances make an award of expenses unjust. Consequently, pursuant to Rule 37(a)(5), the Court awards Mohawk its reasonable expenses, including attorney's fees, incurred in connection with this Motion for Protective Order. The Court expects that the amount of expenses, including attorneys' fees, that Mohawk requests will be modest. The Court will review the request, and the supporting documentation, with great care.

## V.  CONCLUSION AND ORDER

Weatherford has not requested that Enventure produce the 12,000+ documents in the Mohawk Confidential Production, and Enventure is currently precluded by the Mohawk Protective Order from using the Mohawk Confidential Production in this case against Weatherford. Issues relating to Seyfarth Shaw's retention of the Mohawk Confidential Production must be presented, if at all, to Judge Gilmore. Pursuant to Rule 26(c)(3) and Rule 37(a)(5)(A), the Court awards Mohawk its reasonable expenses and attorneys' fees. Accordingly, it is hereby

**ORDERED** that Mohawk's Motion for Protective Order Regarding Mohawk's Confidential Document Productions [Doc. # 78] is **GRANTED**. Counsel for Enventure shall not produce the 12,000+ documents referred to herein as the Mohawk Confidential Production. If Enventure wishes to use in this case any specific

document in the Mohawk Confidential Production, it may file a written motion with this Court, in accordance with Section 11 of the *Mohawk* Protective Order, seeking a finding regarding the relevance of that specific document and whether it can be disclosed. It is further

**ORDERED** that by **June 5, 2020**, Mohawk shall file under seal a summary statement, together with any affidavits and supporting documentation, setting forth the amount of expenses and fees requested. Any opposition to Mohawk's requested amount must be filed by **June 15, 2020**.

SIGNED at Houston, Texas, this 15th day of **May, 2020**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE