United States District Court
Southern District of Texas
**ENTERED**
February 04, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVENTURE GLOBAL TECHNOLOGY INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-2397 |
| WEATHERFORD U.S., L.P., | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This patent case is before the Court on the motion of Defendant Weatherford U.S. L.P. ("Weatherford")[1] to amend its preliminary invalidity contentions pursuant to Southern District of Texas Patent Rule 3-7 ("Motion") [Doc. # 161]. Plaintiff Enventure Global Technology Inc. ("Enventure") responded [Doc. # 165] ("Opposition"), Weatherford replied [Doc. # 167] ("Reply"), and Enventure filed a sur-reply [Doc. # 171] "Sur-Reply"). Based on a careful review of the parties' briefing, extensive appendices, pertinent matters of record, and relevant legal authority, the Court **grants** Weatherford's Motion.

---

[1] The term "Weatherford" in this opinion refers to both Weatherford U.S., L.P. and Weatherford Technology Holdings, LLC with respect to counterclaims. *See* Doc. # 117.

## I.     BACKGROUND

Enventure's claims of infringement against Weatherford in this case are wide-ranging and have evolved during this litigation. Enventure initially asserted infringement of 11 patents containing more than 441 claims in its complaint filed in July 2019. Enventure's current infringement causes of action span seven patents and 42 claims.[2] Weatherford denies infringement, challenges the validity of most of the Enventure patents in suit, and has asserted counterclaims of infringement of several of its own patents. Enventure denies Weatherford's counterclaims and has asserted its own declaratory judgment counterclaims in response.

On July 8, 2020, Weatherford timely tendered its original preliminary invalidity contentions (the "July PICs") regarding seven of Enventure's patents in suit. *See* Doc. # 162] (sealed). The July PICs are comprehensive; they comprise a

---

[2] Enventure, on February 10, 2020, "narrowed" its allegations to 54 claims among seven asserted patents, through its initial infringement contentions. Enventure later expanded its case by adding new allegedly infringing products and the '763 patent allegations in its supplemental infringement contentions on June 5, 2020. Claims involving the '819 patent were dismissed for lack of standing. *See* Memorandum and Order [Doc. # 146], entered Oct. 2, 2020.

Weatherford was permitted to assert counterclaims for infringement of several of its own patents. *See* Third Amended Counterclaims to Plaintiff's Complaint [Doc. # 117]; *see* Order [Doc. # 116]. Enventure has responded to those claims and asserted its own counterclaims. Plaintiff's Answer and Counterclaims to Weatherford U.S., L.P. and Weatherford Technology Holdings, LLC's Third Amended Counterclaims [Doc. # 123]. The current pretrial schedule is set forth in the parties' "Patent Case – Agreed Amended Scheduling Order" [Doc. # 122].

431-page summary and analysis, plus 24 separate invalidity charts, as required by Southern District of Texas Local Patent Rule ("Patent Rule") 3-3(c).

Enventure informed Weatherford that the July PICs allegedly do not comply with the Patent Rules for lack of explicit identification of prior art references, or lack of identification of the pertinent portions within the cited references, and/or for lack identification of specific combinations asserted against each asserted claim.

Over the following several months, Weatherford and its experts transformed the PICs into IPR petitions (collectively, the "IPRs") challenging six of Enventure's patents in suit. Weatherford filed the first IPR petition on September 8, 2020, filed four additional IPR petitions addressing other patents within the following three weeks, and filed its sixth IPR petition one month thereafter on October 30, 2020.[3] The IPRs reflect many of the theories set forth in the July PICs, with the addition of extensive supporting material. Weatherford argues with some force that 40 of the 44 anticipation and obviousness theories found in the IPRs were expressly recited in the PICs. Weatherford contends the remaining four theories constitute only slight variations of the arguments in the July PICs. Weatherford acknowledges that the IPRs also include seventeen new pieces of evidence and six previously disclosed

---

[3] The six IPR petitions are IPR2020-01580 (filed September 8, 2020), IPR2020-01648 (filed September 18, 2020), IPR2020-01661 (filed September 21, 2020), IPR2020-01666 (filed September 24, 2020), IPR2020-01684 (filed September 28, 2020), and IPR2021-00107 (filed October 30, 2020).

references that are intended to corroborate the general knowledge of a person of ordinary skill in the art ("POSITA") allegedly already identified in the July PICs.[4]

Weatherford states that Enventure received each IPR petition and supporting material when it was filed. Also, Enventure has been or is required to respond to the IPRs in December 2020, January 2021, and February 2021.

Two weeks after filing the last IPR, Weatherford filed the pending Motion seeking pursuant to Patent Rules 3-3 and 3-7 to amend its invalidity contentions. Weatherford asks to incorporate by reference the six IPR petitions and accompanying exhibits related to the patents in suit. Weatherford contends that the requested PICs amendment can be accomplished in one paragraph that simply refers to the IPRs and incorporates the petitions and associated exhibits by reference.[5]

Enventure opposes the Motion, first, because Weatherford's July PICs are insufficiently detailed. Enventure also contends the July PICs fail to include sufficient detail about Weatherford's invalidity theories to enable Enventure to prepare expert reports. Enventure then contends that Weatherford's proposed "amendment" is in fact a "substitution" or "gross supplementation" setting forth "new invalidity theories, new prior art references, and expert reports" totaling 14,563 pages, much of which is included in the IPRs. Enventure argues that Weatherford

---

[4]     *See* App. V to Motion, Exhibit X [Doc. # 162-4].

[5]     Weatherford's Motion includes copies of the IPRs.

should have to "live with" its choice to file a "placeholder, with an incalculable number of undisclosed permutations." Enventure also contends that Weatherford does not meet the high good cause standard required for an untimely amendment to the PICs under the Patent Rules and related Fifth Circuit authority.

Weatherford counters that its July PICs were more than sufficient under Patent Rule 3-3. Weatherford also contends that the amendment to the PICs is warranted to properly join issue in this case and does not prejudice Enventure.

The Court concludes that the requested amendment to the July PICs, while untimely, is warranted and will be allowed.

## II. <u>APPLICABLE LEGAL STANDARDS</u>

A motion for leave to amend invalidity contentions after the deadline for doing so requires a showing of "good cause" under Local Patent Rule 3.7. "Good cause may include, but is not limited to, newly discovered (1) accused instrumentalities, (2) bases for claiming infringement, or (3) prior art references, provided that good cause may be found only if the party seeking leave to amend shows that it exercised diligence in seeking the newly discovered information or documents." Patent Rule 3.7; *see Performance Aftermarket Parts Group, Ltd. v. TI Group Auto. Sys., Inc.*, Case No. H-05-4251, 2007 WL 836904, *1 (S.D. Tex. Mar. 15, 2007); *Lubrizol Specialty Products, Inc., v. Baker Hughes Inc.,* No. 15-cv-2915, Dkt. No. 167 (S.D.

Tex. Feb. 22, 2017; *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006).

"The Federal Circuit has held that 'good cause' for purposes of amendments to invalidity and infringement contentions 'requires a showing of diligence.'" *See Performance Aftermarket*, 2007 WL 836904, at *1 (*quoting O2 Micro.*, 467 F.3d at 1366). "The party seeking leave to amend has the burden to establish diligence." *See id.* A court may deny a motion for leave to amend after the applicable deadline established by the court "if the movant knows or should have known of the facts upon which the proposed amendment is based but fails to include them." *SandBox Logistics, LLC et al v. Proppant Express Invest., LLC*, No. 4:17-CV-589, Dkt. 309 at 1-2 (S.D. Tex. Sept. 18, 2018) (*quoting Ross v. Houston Housing Auth.*, No. 4:09-CV-2361, 2010 WL 1726908 at *2 (S.D. Tex. Apr. 8, 2010)).

In addition, the Fifth Circuit has held that a court assessing a request for leave to amend after an applicable deadline should consider the importance of the amendment, potential prejudice in allowing the amendment, and the availability of a continuance to cure such prejudice. *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting FED. R. CIV. P. 16(b) ("once a scheduling

order has been entered, it 'may be modified only for good cause and with the judge's consent.'")).[6]

This Court has considerable discretion in deciding whether to grant an untimely motion for leave to amend. *See Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008); *Giancarlo v. UBS Fin. Servs., Inc.*, 725 F. App'x 278, 287 (5th Cir.), *cert. denied*, 139 S. Ct. 199 (2018).

## III.  DISCUSSION

Enventure first contends emphatically that the Weatherford July PICs were inadequate to meet Patent Rule 3-3 standards.  Weatherford objects to this characterization, but in any event argues that its proposed amendment to the PICs by incorporation of the IPRs resolves this issue.  Without deciding the adequacy of the July PICs and noting that a better practice for Weatherford may have been to request a further extension of the PICs deadline, the Court observes that Weatherford has addressed this issue by proffering extensive detail, factual support, and expert reports, to which Weatherford now is bound by virtue of the IPR petitions and exhibits.

---

[6] "To determine whether a movant has established 'good cause,' the Court may consider the following four factors: (1) the movant's explanation for the failure to complete discovery within the discovery deadline; (2) the importance of the proposed additional discovery; (3) potential prejudice in extending the discovery deadline; and (4) the availability of a continuance to cure such prejudice." *Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 740-41 (5th Cir.), *cert. denied*, __ U.S. __, 140 S. Ct. 389 (2019).

Enventure's primary objection to the amendment is that Weatherford has failed to demonstrate diligence as to the timing of presentation of the detail it seeks to include in the amended PICs, and that Weatherford should have known and included its new theories in the July PICs. The basic question is whether the Court should permit Weatherford to amend its PICs four months after the agreed deadline. The Court is persuaded that Weatherford has demonstrated diligence under the circumstances presented that explains its delay. This case involves numerous patents and claims which have morphed during the pendency of this case. The proposed amendment to the PICs simply incorporates the IPRs, which in turn are based substantially on invalidity theories articulated in the July PICs. Enventure has been on notice of the details of the IPRs starting approximately two months after receipt of the July PICs. The IPRs and thus the proposed amended PICs present more precise theories on which the parties must join issue before this Court and are doing so before the Patent Trial and Appeal Board ("PTAB") in connection with the IPRs.

The Court notes that the proposed amendments to the PICs in this case are attributable in part to the fact that parties, their counsel, and their experts, as well as the Patent Office from which information had to be obtained, have been hampered by requirements that all employees work from home because of the highly contagious COVID virus and the related worldwide pandemic. There also has been robust motion practice in this case on various issues that has consumed the parties'

and Court's attention. There have been various additions, amendments, and changes to the claims asserted in this case. The Court accordingly finds, under these circumstances, that Weatherford has been sufficiently diligent in seeking to amend the PICs.

The Court is aware that Weatherford seeks to incorporate four new invalidity theories that were included in the IPRs but not in the July PICs.[7] While these substantive additions might be unjustified in more limited patent disputes, the Court will permit this expansion of issues in the context of this complex case that has been litigated during a worldwide pandemic. Enabling the parties to litigate all related issues in one case will advance the goal of judicial economy.

Turning to the other factors a court should consider in evaluating the propriety of amendment after expiration of an applicable deadline, the Court finds that Weatherford's addition of detailed amended invalidity PICs is important to its presentation of its invalidity theories. As noted, the revised PICs overlap almost entirely with the issues raised in the IPRs and largely are a supplementation and/or clarification of the theories in the July PICs. The newly articulated and factually supported contentions will provide the definitive roadmap for the invalidity litigation in this case. The revised PICs and supporting material are well-indexed and

---

[7] These new theories appear to be based largely on prior art disclosed in the initial PICs.

P:\ORDERS\11-2019\2397 Mtn Amnd Inv. Cntns.docx

organized. They disclose the theories, prior art, expert opinions, and explanations of POSITA knowledge that Weatherford contends support its invalidity challenges. The amended PICs will be binding on Weatherford and will enable this litigation to parallel the IPRs before the PTAB, which will reduce the likelihood of inconsistent findings and outcomes.

Enventure contends that it will be prejudiced by the amended PICs and vast array of supporting material. The Court is unpersuaded. Because of transitions of the parties' claims and defenses, this case is still at a relatively early stage. Enventure benefits from details it will obtain from the amended PICs. Moreover, because the IPRs were filed in September and October (shortly after the PIC deadline) and the amended PICs track the IPRs, Enventure has had time to digest the adjusted or new theories before any current meaningful deadline in this litigation. The *Markman* briefing does not start until April 2021, the *Markman* hearing is currently scheduled for June 2021, and the final invalidity contentions deadline is not until September 2021.

Finally, prejudice to Enventure, if any, can be addressed by a reasonable continuance. In deference to the difficulties of litigation during the COVID pandemic and Enventure's need to respond to the IPRs and the amended PICs, the Court will grant an extension of deadlines of up to 90-days, if requested by Enventure within 21 days of entry of this Order.

## IV.  CONCLUSION

Weatherford has met its burden to show that amendment of its invalidity contentions is warranted under the circumstances of this case.  The Court exercises its discretion to grant the Motion to Amend.  It is therefore

**ORDERED** that Weatherford's Motion to Amend its Preliminary Invalidity Contentions Pursuant to Patent Rule 3-7 [Doc. # 161] is **GRANTED**.  It is further

**ORDERED** that, upon Enventure's request within 21 days of entry of this Order, the Court will grant extensions of all remaining deadlines in this case of up to 90 days.

SIGNED at Houston, Texas, this  4th day of February, 2021.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE